IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SHERRIE H. NEAL,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | Case No. 1:08-CV-00101-SA<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the court is an action filed by Plaintiff, Sherrie H. Neal, asking the court to reverse the final agency decision denying her application for Disability Insurance Benefits (hereinafter "DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433 (2006, as amended). Plaintiff's application was denied because the Administrative Law Judge (hereinafter referred to as "ALJ") found that although Plaintiff suffers from some severe impairments, Plaintiff is able to perform some past relevant work. In the alternative, the ALJ found that Plaintiff is able to transfer her past work experience, training and education to other occupations with jobs existing in significant numbers in the national economy. Plaintiff now challenges the ALJ's decision arguing that it is not supported by substantial evidence, that the ALJ failed to give proper weight to Plaintiff's examining physician, and that the ALJ failed to follow the law in determining Plaintiff's credibility.

After examining the parties' memoranda and the record, the court has determined that oral argument would not materially assist the determination of this motion. The court has

1

carefully considered the memoranda and the complete record in this matter, and concludes that the ALJ's decision is supported by substantial evidence. As a result, the Commissioner's decision is affirmed.

## BACKGROUND

Plaintiff applied for DIB on August 24, 2005, alleging inability to work on January 1, 2002. (Docket Entry #7, The Certified Copy of the Transcript of the Entire Record of the Administrative Proceedings Relating to Sherrie H. Neal (hereinafter referred to as "Tr. __") at 67-69.) Plaintiff's claim was initially denied on February 1, 2006. (Tr. 41.) Reconsideration of her application was denied on June 21, 2006. (Tr. 40.) A timely written request for hearing before an ALJ was filed on June 30, 2006. (Tr. 13.) After the hearing on October 16, 2007 (Tr. 379), the ALJ issued a decision finding Plaintiff not disabled on November 29, 2007 (Tr. 37). At the hearing, Plaintiff modified the date of her alleged inability to work from January 1, 2002 to April 1, 2005. (Tr. 382.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on June 25, 2008. (Tr. 4.) Thus, the ALJ's decision stands as the final decision of the Commissioner of Social Security for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2008). Plaintiff filed this appeal on August 19, 2008 (Docket Entry #3), and the parties consented to United States Magistrate Judge Samuel Alba's jurisdiction to conduct all proceedings and enter a final judgment in the matter under 28 U.S.C. § 636(c) on September 24, 2008 (Docket Entry #4).

The Administrative Record was filed on October 24, 2008 (Docket Entry #7), and Plaintiff's Opening Brief was filed on January 16, 2009 (Docket Entry #12), after a Motion for Extension of Time was granted on October 28, 2008 (Docket Entry #10). Defendant filed his

Answer Brief on February 17, 2009 (Docket Entry #15), and Plaintiff's Reply Brief was filed on March 4, 2009 (Docket Entry #16).

## STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *accord Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).

The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "'Substantial evidence' requires 'more than a scintilla, but less than a preponderance,' and is satisfied by such relevant 'evidence that a reasonable mind might accept to support the conclusion.'" *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (citation omitted). "'"Evidence is not substantial 'if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'"" *Id.* at 805 (citations omitted); *see also O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (stating that "[e]vidence is insubstantial if it is overwhelmingly contradicted by other evidence"); *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (noting that "[a] finding of '"no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence"'" (citations omitted)).

In conducting its review, the court "must examine the record closely to determine whether substantial evidence supports" the Commissioner's decision. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). The court may "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001)

(citations omitted).  However, the court is not required to mechanically accept the Commissioner's findings.  *See Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992) (explaining that the court "must do more than merely rubber stamp the decisions of the [Commissioner]").  Rather, the court must "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met."  *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (citations omitted).  The court's review of the record includes any evidence Plaintiff presented for the first time to the Appeals Council.  *See O'Dell*, 44 F.3d at 858-59.

The court typically defers to the ALJ on issues of witness credibility.  *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992).  Nonetheless, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence.'" *Winfrey*, 92 F.3d at 1020 (citation omitted).  The court's review also extends to determining whether the Commissioner applied the correct legal standards.  *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).  Besides the lack of substantial evidence, reversal may be appropriate where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on correct legal standards.  *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d, 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff makes three main arguments.  First, that the ALJ's decision was not supported by substantial evidence.  Second, that the ALJ failed to properly weigh Plaintiff's treating

physician's opinion. Finally, that the ALJ failed to appropriately apply the law when determining the credibility of Plaintiff's testimony. Each argument will be addressed in turn.

### A. Substantial Evidence

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. The court finds that substantial evidence demonstrates that Plaintiff could perform a limited range of semi-skilled sedentary work despite her combination of impairments. The ALJ properly evaluated Dr. Bedell's July 2005 opinion and Plaintiff's subjective complaints in reaching his decision that Plaintiff was not disabled. Having established Plaintiff's residual functional capacity in light of the record as a whole, the ALJ properly relied on the vocational expert's testimony in finding that Plaintiff could return to her past relevant work as a touch-up screener/circuit board assembly or semi-conductor bonder, or, alternatively, perform the sedentary job of reception clerk. Because Plaintiff could perform work despite her particular limitations, she did not meet the strict disability requirements of the Act.

Additionally, the court finds that the ALJ properly considered Plaintiff's statements and compared them with the record to find contradictions and inconsistencies. These inconsistencies are discussed in their entirety in Part C, *infra*.

### B. Plaintiff's Treating Physician

Plaintiff argues that the ALJ improperly evaluated the opinion of her treating physician, Dr. Bedell. (Plaintiff's Brief ("Pl. Br.") at 10-12). In determining the weight to give a treating source, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). However,

> [a]n ALJ should keep in mind that "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record."

5

*Id.* (quoting Social Security Ruling 96-2p).  Thus, if the ALJ finds that the treating physician's opinion is not well-supported, then the ALJ must determine the weight to be given to the opinion.  *Watkins,* 350 F.3d at 1300.   Factors to be considered include the degree to which the physician's opinion is supported by relevant evidence, and consistency between the treating physician's opinion and the record as a whole.  *See id.* at 1300-1301; *see also* 20 C.F.R. § 404.1527(d)(2); *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007) (clarifying that an ALJ is not required to "apply expressly each of the six relevant factors" outlined in *Watkins* in determining the weight to give to a medical opinion).  If the ALJ rejects the treating physician's opinion completely, then he must give "specific, legitimate reasons" for doing so.  *Watkins,* 350 F.3d at 1301.

Plaintiff argues that the ALJ did not set forth "specific, legitimate reasons" for determining that Plaintiff's treating physician's testimony was not entitled to controlling weight. Plaintiff began seeing Dr. Bedell in 2002 for spinal, shoulder, and hip pain.  (Tr. 239, 246, 270.) On July 8, 2005, Dr. Bedell completed a Form 20.  (Tr. 24, 311-317.)  Therein, Dr. Bedell noted that Plaintiff was unable to sit, stand, lift, bend, stoop, push, pull, crawl, climb, or kneel for any period of time.  (Tr. 34-35 (citing Tr. 311-317).)

Upon examination, the ALJ did not give Dr. Bedell's opinion controlling weight, and found that "Dr. Bedell's responses about the claimant's limitations are too general to be useful." (Tr. 34-35.)  The ALJ observed that Dr. Bedell's progress notes did not support his conclusions. (Tr. 34); *See Castellano v. Sec'y. of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir. 1994) (ALJ properly rejected treating physician's opinion where the doctor's opinion was not supported by his own treatment notes).  Indeed, Dr. Bedell's examination notes provide very little current information about Plaintiff's condition, instead referring back to prior

examinations. (Tr. 34.)  Rather than reflecting the extreme limitations described by Dr. Bedell, his examination notes prior to July 2005 state that Plaintiff had normal deep tendon reflexes, a "supple" neck with an acceptable range of motion, and was able to ambulate without assistance and walk on her heels and toes. (Tr. 34-35, *compare* Tr. 312 and 317 *with* Tr. 271); *See White v. Barnhart,* 287 F.3d 903, 907 (10th Cir. 2002) (ALJ gave specific and legitimate reasons for rejecting treating physician's assessment where the doctor's restrictive functional assessment was contradicted by her own treatment notes).

Further, Dr. Bedell's subsequent examination notes indicate that, during January and February 2006, Plaintiff was in no acute distress and had normal deep tendon reflexes, erect posture, and a steady gait. (Tr. 35, 239-240, 242-243.)  Even when Plaintiff reported increased knee and hip pain during 2007, she had full 5/5 leg strength and was able to climb on and off the examination table and ambulate, heel walk, and toe walk without difficulty. (Tr. 35, 307, 349); *See id.* at 907-908 (holding that contrast between treating physician's notes, and detailed examination by another physician, which included more specific tests regarding claimant's abilities and more detailed examination notes, provided specific and legitimate reason for rejecting treating physician's opinion).

Dr. Bedell's opinion that Plaintiff was unable to sit, stand, or lift for any period of time is also inconsistent with Plaintiff's own assessment of her abilities.  Plaintiff has acknowledged that, during 2005, she could lift eight and one half to 10 pounds, sit at a desk for up to 30 minutes at a time, stand still for up to 10 minutes at a time, and stand on her feet (with some movement) for up to 15 minutes at a time. (Tr. 393-397); *See House v. Astrue,* 500 F.3d 741, 745-746 (8th Cir. 2007) (holding that ALJ properly rejected treating physician's opinions regarding claimant's capabilities where opinions were contrary to claimant's own admissions);

7

*Cf. Rutledge v. Apfel,* 230 F.3d 1172, 1175 (10th Cir. 2000) (recognizing that ALJ may rely on claimant's own testimony in evaluating his or her functional capacity). Dr. Bedell did not note any change in Plaintiff's condition since the 2004 examination; in fact, his notes indicated that his exam results were "unchanged." (Tr. 244-249); *See Castellano,* 26 F.3d at 1029 (finding it appropriate to reject treating physician's opinion that claimant's condition was disabling where physician previously recommended that claimant pursue a vocational rehabilitation plan).

Although the ALJ did not give Dr. Bedell's 2005 opinion controlling weight, the ALJ did address the general limitations raised by Dr. Bedell when determining Plaintiff's residual functional capacity (Tr. 18-19, 35). Therefore, the ALJ provided specific and legitimate reasons for failing to give Dr. Bedell's opinion controlling weight, which were supported by substantial evidence. *See White,* 287 F.3d at 908 (observing that court must uphold ALJ's decision where ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting doctor's opinion).

### C. Plaintiff's Credibility

Plaintiff argues that the ALJ failed to properly evaluate the credibility of Plaintiff's testimony concerning her alleged disability. "Credibility determinations are peculiarly the province of the finder of fact," and the court will not overturn credibility determinations when "supported by substantial evidence." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005).

The ALJ properly set forth the specific evidence that he relied on in evaluating Plaintiff's credibility. (Tr. 30-34); *See Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ properly rejected claimant's allegations of disabling pain where he identified the specific evidence he relied on in evaluating the claimant's credibility). Factors cited by the ALJ included the frequency of medical contacts, the consistency or compatibility of non-medical testimony with

objective medical evidence, and the extent to which Plaintiff complied with her treatment regime in an effort to seek relief. *See Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (naming factors to be considered in evaluating a claimant's credibility); *see also Qualls,* 206 F.3d at 1372 ("*Kepler* does not require a formulaic factor-by-factor recitation of the evidence").

The ALJ determined that Plaintiff's alleged symptoms were not consistent with the evidence in the record; therefore, the Plaintiff's testimony regarding her disability was not credible. (Tr. 30-34.) For instance, the ALJ noted a one year gap, between her February 2006 visit to Dr. Bedell and her March 2007 visit to Dr. Higginbotham, in which Plaintiff did not seek any treatment for her musculoskeletal impairments. (Tr. 31, 239-240, 360.); *See Barnett v. Apfel,* 231 F.3d 687, 690 (10th Cir. 2000) (finding that nine-month gap in treatment supported finding that claimant was not disabled). The ALJ also observed that, following the alleged onset of her disability on April 1, 2005, Plaintiff did not report hip or knee pain until March 2007. (Tr. 31, 360); *See Gossett v. Bowen,* 862 F.2d 802, 807 (10th Cir. 1989) (upholding the ALJ's credibility finding where claimant did not seek medication for alleged joint pain until 20 months after alleged onset of disability). The ALJ also noted that while Plaintiff reported lower back pain in May 2005 and January 2006, Dr. Bedell did not document any limitations as a result of the pain, and recommended "conservative" treatment. (Tr. 31, 34, 242-245, 317); *See Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007) (observing that evidence of "conservative treatment" is sufficient to discount claimant's testimony regarding severity of an impairment). Plaintiff did not report lower back pain again until July 2007, 18 months later, only telling Dr. Welter that "this pain has been going on since the 6th or 7th of July" (Tr. 31, 307); *See Barnett,* 231 F.3d at 690 (finding that gap in treatment supported finding of not disabled); *see also Mickles v. Shalala,*

29 F.3d 918, 921 (4th Cir. 1994) (finding ALJ properly considered evidence that claimant's condition was episodic in determining that her testimony was not credible).

Regarding Plaintiff's alleged shortness of breath, the ALJ correctly noted that Plaintiff's physicians did not attribute this symptom to her heart condition. (Tr. 32, 206, 272, 275, 319, 321, 354, 358.) To the extent that Plaintiff suggests that her heart condition significantly worsened during the relevant time period (Pl. Br. at 14-15), her own physician stated, during 2007, that "[i]t is not felt that she has had a significant worsening of her coronary disease." (Tr. 354, *see also* Tr. 378 (stating, in letter submitted to Appeals Council following ALJ's decision, that Plaintiff "is relatively stable taking her medication").)

The ALJ also considered various contradictions in the record in reaching his credibility determination (Tr. 32-33). For example, the ALJ observed that Plaintiff gave conflicting reports about the frequency of her chest pains to Dr. Otrusinik and Dr. Hampton during the spring of 2007. (Tr. 32); *See Diaz v. Sec'y. of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir. 1990) (finding that claimant's inconsistent statements about frequency of seizures supported a finding that claimant was not credible). Further, the ALJ noted that Plaintiff went camping in Logan Canyon for several days in or around July 2005, despite her alleged limitations. (Tr. 32, 206); *See Gossett*, 862 F.2d at 807 (stating that evidence of activities such as camping may be considered in determining whether an individual is entitled to disability benefits). Although Plaintiff asserted that she could not sit for more than 30 minutes at a time (Tr. 401, 410), she sat for about 45 minutes during the first portion of her hearing (Tr. 413), in spite of the ALJ's statement that he himself would be standing at times to his own back impairment, and that she should feel free to stand or request a break during the hearing (Tr. 32, 387); *See White*, 287 F.3d at 909-910 (recognizing that ALJ is "uniquely able to observe the demeanor and gauge the

physical abilities of the claimant in a direct and unmediated fashion"); *see also Qualls,* 206 F.3d at 1373 (stating that, while an ALJ may not rely solely on his personal observations to discredit a claimant's allegations, he may consider his observations in his overall evaluation of claimant's credibility).

Finally, the ALJ found it significant that Plaintiff stopped taking the asthma medication prescribed to treat her shortness of breath during the fall of 2006, and stopped taking her medications entirely during the spring of 2007. (Tr. 33, 319, 352, 354); *See Qualls,* 206 F.3d at 1373 (holding that ALJ properly considered claimant's attempts to relieve symptoms, including whether claimant took medication as prescribed, in evaluating credibility of claimant's symptom testimony). Plaintiff argues that the ALJ failed to address her testimony regarding her specific limitations, such as her alleged need to lie down most of the day, or to explain why he did not credit those specific limitations. (Pl. Br. at 14.) The ALJ did consider Plaintiff's testimony regarding her limitations, including her statement that she needed to lie down or recline for up to three-quarters of the day due to debilitating back pain. (Tr. 19-22.) The ALJ's finding that Plaintiff's testimony regarding her symptoms (i.e., the severity of her back pain) was not credible contains an implicit finding that her statements regarding the limitations caused by her alleged symptoms were not credible. Therefore, the court finds that there is substantial evidence on which the ALJ based his credibility determinations.

### D. Dr. Bedell's RFC from May 2008

Plaintiff argues that the court should consider the RFC completed by Dr. Bedell in May of 2008. Plaintiff asserts that the RFC "does not represent any significant change from Dr. Bedell's prior opinions, rather it just clarifies [them]." (Plaintiff's Reply Brief at 10.) Plaintiff argues that the RFC should be included in the administrative record. (Pl. R. Br. at 10.) The

court has considered the RFC; nevertheless, upon consideration, the court does not find that it changes the analysis conducted above.

## CONCLUSION

Based on the above analysis, the court concludes that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence. As a result, **IT IS HEREBY ORDERED** that Plaintiff's request for reversal or remand be **DENIED** and the Commissioner's decision be **AFFIRMED**.

Dated this 1st day of July, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge